**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | 18-md-2865 (LAK)<br><br>**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |

   The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of Switzerland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.  This request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

   This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is that the appropriate judicial authority of Switzerland compel the below named entity, by its Corporate Representatives, to produce documents and testimony.

   It is expected, based on existing timetables, that the United States District Court for the Southern District of New York may schedule trial in or around 2021.  Summary judgment motions would be due before trial.  In the United States, parties may move for summary judgment.  A party moving for or opposing summary judgment must present evidence to support

its arguments, as they do at trial, hence the following request which is made in support of the

pending proceedings in New York.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| **1.** | **Sender** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **2.** | **Central Authority of the Requested State** | Obergericht des Kantons Zürich<br>Internationale Rechtshilfe<br>Hirschengraben 13/15<br>Postfach<br>8021 Zürich 1 |
| **3.** | **Person to whom the executed request is to be returned** | Neil J. Oxford<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>Tel.:  (212) 837-6843<br>Email:  neil.oxford@hugheshubbard.com |

**4.  Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | November 15, 2020 |
| **Reason for Urgency** | Discovery is underway in this matter and trial is scheduled to occur in 2021. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **5a. Requesting judicial authority (Article 3,a)** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **5b. To the competent authority of (Article 3,a)** | Obergericht des Kantons Zürich<br>Internationale Rechtshilfe<br>Hirschengraben 13/15<br>Postfach<br>8021 Zürich 1 |

| **5c. Names of the case and any identifying number** | In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation 18-md-2865 (LAK) |
|---|---|

**6.   Names and addresses of the parties and their representatives**

|  |  |  |
|---|---|---|
| **a.   Plaintiff** | Skatteforvaltningen |
|  | Østbanegade 123 |
|  | 2200 København Ø |
|  | Denmark |
| **Representatives** | William R. Maguire |
|  | Marc A. Weinstein |
|  | Neil J. Oxford |
|  | Dustin P. Smith |
|  | Hughes Hubbard & Reed LLP |
|  | One Battery Park Plaza |
|  | New York, New York 10004-1482 |
|  | United States |
|  | |
|  | Sandrine Giroud |
|  | Dominik Elmiger |
|  | 35, Rue de la Mairie |
|  | P.O. Box 6569 |
|  | 1211 Geneva 6 |
|  | Switzerland |
|  | |
|  | Boris Frederiksen |
|  | Kirsten Marie Donato |
|  | Vester Farimagsgade 23 |
|  | 1606 Copenhagen |
|  | Denmark |
| **b.   Defendants** | See attached Schedule A. |

**7.   Nature of the Proceedings**

**a.   Nature of the Proceedings**

In May and June 2018, Plaintiff Skatteforvaltningen ("SKAT") filed 140 similar complaints in eleven different federal judicial districts.  On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("MDL") and assigned to the Honorable Lewis A. Kaplan.  On February 26, 27, and 29, 2019, SKAT filed 43 additional

complaints, which were consolidated into the MDL assigned to Judge Kaplan.  On November 19, 2019, SKAT filed another complaint in the Southern District of New York.

This case, which Plaintiff brings as a civil and commercial matter, stems from a scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ("DKK"), the equivalent of approximately $2.1 billion (US) of allegedly withheld dividend tax.  Each of over 300 Claimants purported to own shares in Danish companies listed on the OMX Copenhagen 20 Index, the 20 most-traded stocks in Denmark.  Danish companies are required to withhold 27% tax on dividends they pay to shareholders.  Under certain double taxation treaties between Denmark and other countries, including the United States, this amount is reimbursable to certain non-Danish shareholders.  The Claimants, acting through their agents and representatives, applied to SKAT claiming repayments of amounts withheld on dividends that they purported to have earned on shares of Danish companies that they claimed to hold.  These applications are alleged to have been false because the Claimants did not own the shares that they claimed to own, did not earn the dividends they claimed to have earned, and/or were not entitled to the refund amounts they claimed.  Based on the allegedly false refund claims submitted by the defendants in the MDL, SKAT asserts that it paid baseless withholding tax refund claims of approximately $1,234,288,400 (US) and demands recovery of that amount in civil court. Claimants that were based in the United States, along with certain of their authorized representatives, are the Defendants in this MDL.

The Claimants effectuated the scheme by appointing agents to apply to SKAT for refunds in respect of shares in Danish companies that they did not own or for which they were otherwise not entitled.  The Claimants each submitted refund claims seeking the full 27% withholding tax that had allegedly been withheld from distributions on shares of Danish

companies the Claimants purported to own.  These claims were submitted through payment

agents, which in turn submitted the claims by mail or email transmission to SKAT.  Each entity

claiming a withholding tax refund submitted to SKAT a "credit advice," "income advice," "tax

voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that

purported to show the Claimant's ownership of shares in Danish companies listed on the OMX

Copenhagen 20 Index. SKAT has brought claims against the Custodians in related proceedings

in the English High Court.  Some of the Custodians, however, now claim that the Custodians

themselves did not have custody of the securities reflected on their Credit Advice, but instead

that they had custody accounts with other credit institutions (the "Sub-Custodians") where the

securities were held.  Specifically, some of the Custodians have claimed that Société Générale

SA ("Société Générale") served as a Sub-Custodian that held Danish Securities on behalf of the

Custodians, and ultimately, the Defendants in this MDL.  Ultimately, all shares of Danish listed

companies are registered with VP Securities A/S, a central depository which maintains records of

any shares of the Danish Securities held by any such Sub-Custodian, such as Société Générale.

As such, information related to the securities held by the Sub-Custodians, such as Société

Générale, is relevant to the issue as to whether the Defendants held the shares they purported to

own, and so is pertinent to the claims in this MDL.

This Court has issued other requests pursuant to Hague Convention of 18 March

1970 on the Taking of Evidence Abroad in Civil or Commercial Matters in this case.  The Court

is advised that while recently issued requests are still being processed, the judicial authorities in

Denmark have agreed to provide the assistance requested pursuant to Hague Convention of 18

March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

### b.  Summary of Complaints

The allegations in SKAT's complaints in the consolidated actions are substantially similar.  SKAT brought complaints against three classes of defendants that are subject to jurisdiction in the United States:  "<u>Plan Defendants</u>," the pension plans that submitted fraudulent dividend withholding tax refund claims to SKAT; "<u>Authorized Representative Defendants</u>," individuals who signed powers of attorney authorizing Payment Agents to submit fraudulent dividend withholding tax refund claims to SKAT on behalf of the Plan Defendants; and "<u>Incorporator Defendants</u>," defendants who incorporated business entities associated with the Plan Defendants that submitted fraudulent dividend withholding tax refund claims to SKAT. The complaints allege that between 2012 and 2015, Defendants submitted false requests for withholding tax refunds to SKAT.  Plaintiff SKAT asserts civil claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.   As Plaintiff, SKAT is not proceeding in the exercise of its public powers, but as any other civil plaintiff.

### c.  Summary of Defense

The Defendants have been heard in the context of this proceeding by way of their respective answers and responses to the complaints, and deny the facts set forth in support of the claims asserted in the complaints.  Defendants have had notice of this Hague Evidence Request and did not object.

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Plaintiff SKAT seeks documents and testimony from Société Générale SA, Zurich ("Société Générale"). |
| **8b. Purpose of the evidence or other judicial act sought** | The documents requested from Société Générale will demonstrate that the Defendants made false representations regarding their ownership of shares in Danish companies; that Defendants did not own shares |

in the Danish companies in which they purported to own shares or did not own such shares in sufficient quantities to obtain dividends they claim to have received; the circumstances of Defendants' ownership of shares and receipt of dividends from the Danish companies in which Defendants purported to own shares; and that Defendants were not paid dividends from Danish companies in which they purported to own shares and from which Defendants purported to have received dividends, including that Defendants did not have tax withheld on the dividends they purported to receive from Danish companies.

| 9. **Identity and address of any person to be examined (Article 3,e)** | Corporate Representative of  Société Générale<br>Talacker 50<br>8001 Zurich, Switzerland |
|---|---|

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

   **a. Definitions**

i.  "Applicable Period" means January 1, 2014 until August 30, 2015.

ii.  "Cash Accounts" means Société Générale Securities Services account numbers 0312089EUR2600 and 0312089GBP2600 and any other cash accounts held by Société Générale for the Custodians used in connection with any transaction in Danish Securities during the Applicable Period.

iii.  "Claimant" means the applicant who through their agents or representatives applied to SKAT claiming repayments of tax withheld on dividends that they purported to have earned on shares of Danish companies that they claimed to hold.

iv.  "Custodians" means Old Park Lane Capital PLC, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd., and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, trustees, and attorneys.

7

v.   "<u>Danish Securities</u>" means shares of any one of the following Danish securities:

1. A.P. Møller Mærsk A/S
2. A.P. Møller Mærsk A/S A
3. A.P. Møller Mærsk A/S B
4. Auriga Industries A/S
5. Carlsberg A/SI
6. Carlsberg A/S - B
7. CHR. Hansen Holding A/S
8. Coloplast A/S
9. Coloplast A/S - B
10. Dampskibsselskabet Norden A/S
11. Danske Bank A/S
12. DSV A/S
13. FLSmidth & CO A/S
14. Gn Store Nord A/S
15. H Lundbeck A/S
16. IC Company A/S
17. ISS World Services A/S
18. NKT Holding A/S
19. Novo Nordisk A/S
20. Novo Nordisk A/S B
21. Novozymes A/S
22. Novozymes A/S B
23. Pandora A/S
24. Simcorp A/S
25. Sydbank A/S
26. TDC A/S
27. Tryg A/S
28. Vestas Wind Systems A/S

vi.  "<u>Defendants</u>" means any of the United States defendants identified on the attached Schedule A.

vii. "<u>Dividend(s)</u>" means any dividend received as a result of any interest in a Danish Security, including, but not limited to, manufactured dividends and any other dividends not received directly from the entity that issued the dividend.

viii. "<u>Security Accounts</u>" means Société Générale Securities Services account numbers 3120890000 (Solo Capital Partners Prop); 3120890100 (Solo Capital Partners CLI1); and 3120890200 (Solo Capital Partners CLI2) and any other security accounts held by Société Générale for the Custodians and/or affiliates of the Custodians used in connection with any transaction in Danish Securities during the Applicable Period.

**b.  Questions**

Société Générale is a financial services group that some of the Custodians claim held Danish Securities as a Sub-Custodian for the Defendants' Custodians.  The subject of the Corporate Representative's testimony will be:

a.  What is the nature of the relationship, if any, between Société Générale and Custodians?

b.  What services, if any, were provided by Société Générale to Custodians in connection with custodying any Danish Securities for the Custodians?

    i.  What services were provided to the Custodians in opening accounts?

    ii.  What services were provided to Custodians in the maintenance of accounts?

    iii.  What services were provided to Custodians in the closing of accounts?

    iv.  Were special services provided to Custodians in connection with custodying any Danish Securities for the Custodians?

c.  What is Société Générale's knowledge of whether Custodians held any Danish Securities?

    i.   What is Société Générale's knowledge of the manner in which the Custodians purchased Danish Securities?

    ii.  What is Société Générale's knowledge of the manner in which the Custodians otherwise obtained Danish Securities?

d.  What is Société Générale's knowledge of whether the Custodians received Dividends from the ownership of Danish Securities?

    i.  What details does Société Générale have concerning the receipt of such Dividends?

    ii.  What is Société Générale's knowledge of who were the ultimate beneficiaries of those Dividends?

e.  Can Société Générale authenticate any documents provided pursuant to paragraph 11, if necessary?

f.  Can Société Générale complete a declaration certifying that any documents provided pursuant to paragraph 11 are records of regularly conducted business activity?

**11. Documents or other property to be inspected (Article 3,g)**

i.     Statements for the Cash Accounts and Securities Accounts during the Applicable Period;

ii.    Documents, including SWIFT messages, showing the ownership, purchase, sale, borrowing, lending, financing, or other trade or transfer or cancellation of any trade or transfer of any Danish Security by or on behalf of any Custodian during the Applicable Period;

iii.   Documents, including SWIFT messages, demonstrating or reflecting the receipt of any Dividend by Société Générale for or on behalf of any Custodian during the Applicable Period;

iv.    The documents provided to Société Générale during the opening of any account used in connection with any transaction in Danish Securities during the Applicable period by any Custodian, including compliance files related to each Custodian.

v.     The contracts or agreements concerning any transaction in or custodying of Danish Securities, dated or with effect during the Applicable Period between Société Générale and any Custodian, and the documents by which the contracts or agreements were terminated.

The United States District Court for the Southern District of New York requests that Société Générale produce the documents, described above and as per the definitions set out under question 10 a., which are in its custody, possession or control.  It also requests that Société Générale provide a business records certification in the form annexed hereto, and (as needed) answer questions upon oral deposition regarding the authenticity, purpose, and meaning of the documents so produced.

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The testimony shall be given under an affirmation to testify truthfully. |
| **13. Special methods or procedure to be followed** | The United States District Court for the Southern District of New York respectfully requests that: |

**(Articles 3,i and 9)**

a. The Parties' Swiss, United States and Danish lawyers be permitted to attend the oral testimony and ask supplementary questions to the witness;

b. The Parties' Swiss, United States and Danish lawyers be permitted to examine and cross-examine the witnesses directly;

c. The Parties' United States and Danish lawyers be allowed to participate to the oral testimony of the requested witnesses by video-conference per the enclosed 'Optional Form For Video-Link Evidence,' as practicable and in discussion with the Obergericht des Kantons Zürich regarding technical logistics and that the video-conference be recorded and a copy provided to the Parties;

d. Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer and a professional stenographer be permitted to attend the oral testimony in order to record the testimony; the costs of the court reporter or of the videographer being at the charge of SKAT;

e. The requested documents be produced by Société Générale at least 20 days prior to the date of the testimony of Société Générale's representative and that copies be provided to Plaintiff's Swiss counsel:
Sandrine Giroud
35, Rue de la Mairie
P.O. Box 6569
1211 Geneva 6
Switzerland

f. An individual with knowledge of regularly kept records at Société Générale complete the declaration attached to this request, certifying that the documents provided are records of regularly conducted business activity.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be**

It is requested that document be produced at such place, date, or time as ordered by the Obergericht des Kantons Zürich and/or as otherwise scheduled by the representatives of the Plaintiff and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.

**notified  (Article 7)**

Notice thereof should be made to Plaintiff's Swiss counsel:
Sandrine Giroud
35, Rue de la Mairie
P.O. Box 6569
1211 Geneva 6
Switzerland

**15. Request for attendance or participation of judicial personnel of the requesting  authority at the execution  of the Letter of Request  (Article 8)**

No attendance of United States judicial personnel is requested.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin  (Article 11, b)**

Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice.

United States law also recognizes a testimonial privilege for individuals against criminal self-incrimination.  This privilege does not apply to production of documents by an entity such as Société Générale.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

SKAT

Date of Request:

_____
Signature and Seal of the
Requesting Authority

12

## SCHEDULE A – DEFENDANTS AND REPRESENTATIVES

| Defendant | Representative |
|---|---|
| Ackview Solo 401K Plain | **Mark D. Allison** |
| AGD Asset Management Pension Plan | **Zhanna A. Ziering** |
| Aerovane Logistics LLC Roth 401(K) Plan | Caplin & Drysdale |
| Aventus Capital LLC Solo 401K Plan | 600 Lexington Avenue |
| Blackrain Pegasus LLC Solo 401K Plan | 21st Floor |
| Blue Ocean Equity LLC Retirement Plan & Trust | New York, NY 10022 |
| | Tel:  (212) 379-6000 |
| Bradley Crescenzo | mallison@capdale.com |
| Brilho Do Sol LLC 401K Plan | zziering@capdale.com |
| Carl Andrew Vergari | |
| Christopher Nowell | |
| Cole Enterprises USA Retirement Plan & Trust | |
| CSCC Capital Pension Plan | |
| Delgado Fox LLC Solo 401K Plan | |
| Desbrosses Trading LLC 401K Plan | |
| Doston Bradley | |
| Edgepoint Capital LLC Roth 401(K) Plan | |
| FiftyEightSixty LLC Solo 401K Plan | |
| Gavin Crescenzo | |
| Gyos 23 LLC Solo 401K Plan | |
| Headsail Manufacturing LLC Roth 401K Plan | |
| Interactive Investments LLC 401K Plan | |
| JML Capital LLC 401K Plan | |
| John LaChance | |
| Kevin Kenning | |
| KK Law Firm Retirement Plan Trust | |
| Matthew Kibble | |
| Matthew Tucci | |
| Mitchell Protass | |
| Natoli Management Pension Plan | |

| Defendant | Representative |
|---|---|
| Nimit Savani | |
| Nova Fonta Trading LLC 401K Plan | |
| NYCATX LLC Solo 401K Plan | |
| OneZeroFive LLC Solo 401K Plan | |
| Pegasus Fox 23 LLC Solo 401K Plan | |
| RAK Investment Trust | |
| Robert Klugman | |
| Roger Lehman | |
| Rosilenne Anderson | |
| Roxy Ventures LLC Solo 401K Plan | |
| Sanford Villa Pension Plan | |
| Sean P. Driscoll | |
| Skyview Advisors LLC 401K Plan | |
| SNK Management Pension Plan | |
| Svetlin Petkov | |
| The 78 Yorktown Pension Plan | |
| The Aria Pension Plan | |
| The Aston Advisors LLC 401K Plan | |
| The Atlantic DHR 401K Plan | |
| The Balmoral Management LLC 401K Pension Plan | |
| The Beech Tree Partners 401K Plan | |
| The Belforte Pension Plan | |
| The Bella Consultants Pension Plan | |
| The Blackbird 401K Plan | |
| The Bradley London Pension Plan | |
| The Bravos Advisors 401K Plan | |
| The Busby Black 401K Plan | |
| The Caliombia LLC 401K Plan | |
| The Cambridge Town Line Pension Plan | |
| The Canada Rock LLC 401K Plan | |
| The Cardinal Consulting Pension Plan | |

| Defendant | Representative |
|---|---|
| The Chambers Property Management, LLC 401K Plan | |
| The Costello Advisors Pension Plan | |
| The Crow Associates Pension Plan | |
| The Diamond Scott Capital Pension Plan | |
| The Dink 14 LLC 401K Plan | |
| The DMR Pension Plan | |
| The Dosmon BLY Pension Plan | |
| The Egret Associates LLC 401K Plan | |
| The Eskin Pension Plan | |
| The Everything Clean LLC 401K Plan | |
| The Fieldcrest Pension Plan | |
| The FWC Capital LLC Pension Plan | |
| The Green Group Site Pension Plan | |
| The Hawk Group Pension Plan | |
| The Heron Advisors Pension Plan | |
| The Hibiscus Partners LLC 401K Plan | |
| The Hoboken Advisors LLC 401K Plan | |
| The Hotel Fromance Pension Plan | |
| The Houston Rocco LLC 401K Plan | |
| The India Bombay LLC 401K Pension Plan | |
| The ISDB Pension Plan | |
| The Jayfran Blue Pension Plan | |
| The Joanne E. Bradley Solo 401K Plan | |
| The JT Health Consulting LLC 401K Plan | |
| The Jump Group LLC 401K Plan | |
| The KASV Group Pension Plan | |
| The Kodiak Capital Pension Plan | |
| The Krabi Holdings LLC 401K Plan | |
| The Kyber Pension Plan | |
| The Lakeview Advisors 401K Plan | |
| The LBR Capital Pension Plan | |

| Defendant | Representative |
|---|---|
| The Lerici Capital Pension Plan | |
| The Ludlow Holdings 401K Plan | |
| The M2F Wellness LLC 401K Plan | |
| The Maple Advisors LLC 401K Plan | |
| The Monin Amper Pension Plan | |
| The Mountain Air LLC 401K Plan | |
| The MPQ Holdings LLC 401K Plan | |
| The Mueller Investments Pension Plan | |
| The Nashdale LLC 401K Plan | |
| The NYC Stanismore Pension Plan | |
| The Oak Tree One 401K Plan | |
| The Oaks Group Pension Plan | |
| The Osprey Assocs. LLC 401K Plan | |
| The Patrick Partners Conglomerate Pension Plan | |
| The Petkov Management LLC 401K Plan | |
| The Petkov Partners Pension Plan | |
| The Proper Pacific LLC 401K Plan | |
| The Random Holdings 401K Plan | |
| The RDL Consulting Group LLC Pension Plan | |
| The Regoleth Pension Plan | |
| The Robin Daniel Pension Plan | |
| The Saba Capital LLC 401K Plan | |
| The Sandpiper Pension Plan | |
| The Sea Bright Advisors LLC 401K Plan | |
| The Sector 230 LLC 401K Plan | |
| The Shapiro Blue Management LLC 401K Plan | |
| The Sinclair Pension Plan | |
| The SKSL LLC Pension Plan | |
| The Skybax LLC 401K Plan | |
| The Snow Hill Pension Plan | |

| Defendant | Representative |
|---|---|
| The SPKK LLC 401K Plan | |
| The Stark Pension Plan | |
| The Stor Capital Consulting LLC 401K Plan | |
| The SVP 401K Plan | |
| The Tag Realty Advisors LLC 401K Plan | |
| The Texas Rocco LLC 401K Plan | |
| The Throckmorton Advisors 401K Plan | |
| The TKKJ LLC 401K Plan | |
| The Towerlands Pension Plan | |
| The Valerius LLC Solo 401K Plan | |
| The Wave Maven LLC 401K Plan | |
| The West River Pension Plan | |
| The Westport Advisors LLC 401K Plan | |
| The Westridge Ave LLC 401K Plan | |
| The Zen Training LLC 401(K) Plan | |
| Thomas Kertelits | |
| Todd Bergeron | |
| Tveter LLC Pension Plan | |
| Vincent Natoli | |
| Upton Investments LLC 401K Plan | |
| Albedo Management LLC Roth 401(K) Plan | **Michelle A. Rice** |
| Ballast Ventures LLC Roth 401(K) Plan | **Kaplan Rice LLP** |
| Bareroot Capital Investments LLC Roth 401(K) Plan | 142 West 57th Street |
| Battu Holdings LLC Roth 401K Plan | Suite 4A |
| Cantata Industries LLC Roth 401(K) Plan | New York, NY 10019 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | mrice@kaplanrice.com |
| Crucible Ventures LLC Roth 401(K) Plan | |
| David Zelman | |
| Dicot Technologies LLC Roth 401(K) Plan | |
| Eclogue Industry LLC Roth 401(K) Plan | |

| Defendant | Representative |
|---|---|
| Edwin Miller | |
| Fairlie Investments LLC Roth 401(K) Plan | |
| First Ascent Worldwide LLC Roth 401(K) Plan | |
| Fulcrum Productions LLC Roth 401(K) Plan | |
| Green Scale Management LLC Roth 401(K) Plan | |
| Joseph Herman | |
| Keystone Technologies LLC Roth 401(K) Plan | |
| Limelight Global Productions LLC Roth 401(K) Plan | |
| Loggerhead Services LLC Roth 401(K) Plan | |
| Monomer Industries LLC Roth 401(K) Plan | |
| PAB Facilities Global LLC Roth 401(K) Plan | |
| Perry Lerner | |
| Pinax Holdings LLC Roth 401(K) Plan | |
| Plumrose Industries LLC Roth 401K Plan | |
| Roadcraft Technologies LLC Roth 401(K) Plan | |
| Robin Jones | |
| Ronald Altbach | |
| Sternway Logistics LLC Roth 401(K) Plan | |
| Trailing Edge Productions LLC Roth 401(K) Plan | |
| True Wind Investments LLC Roth 401(K) Plan | |
| Tumba Systems LLC Roth 401(K) Plan | |
| Vanderlee Technologies Pension Plan | |
| Vanderlee Technologies Pension Plan Trust | |
| Andrea Tew | **Mark J. Hyland** |
| Autoparts Pensions Group Trust | **Thomas Ross Hooper** |
| | **Shrey Sharma** |
| Bernard Tew | Seward & Kissel LLP |
| | One Battery Park Plaza |
| Bluegrass Investment Management, LLC | New York, NY 10004 |
| | Tel:  (212) 574-1200 |

18

| Defendant | Representative |
|---|---|
| Bluegrass Investment Management, LLC Retirement Plan<br><br>Bluegrass Retirement Group Trust<br><br>Casting Pensions Group Trust<br><br>Central Technologies Pensions Group Trust<br><br>Industrial Pensions Group Trust<br><br>Stephanie Tew<br><br>SV Holdings, LLC Retirement Plan<br><br>Tew Enterprises, LLC Retirement Plan<br><br>Tew, LP Retirement Plan<br><br>Vincent Tew | hyland@sewkis.com<br>hooper@sewkis.com<br>sharma@sewkis.com<br><br>**Philip W. Collier**<br>**John W. Pollom**<br>Stites & Harbison PLLC<br>pcollier@stites.com<br>jpollom@stites.com |
| Elizabeth Van Merkensteijn<br><br>John Van Merkensteijn<br><br>Azalea Pension Plan<br><br>Basalt Ventures LLC Roth 401(K) Plan<br><br>Bernina Pension Plan<br><br>Bernina Pension Plan Trust<br><br>Michelle Investments Pension Plan<br><br>Omineca Pension Plan<br><br>Omineca Trust<br><br>Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojoo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | **Caroline Ciraolo**<br>**Sharon L. McCarthy**<br>**Nicholas S. Bahnsen**<br>Kostelanetz & Fink LLP<br>601 New Jersey Avenue, NW<br>Tel:  (202) 875-8000<br>Cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com |

| Defendant | Representative |
|---|---|
| Jocelyn Markowitz<br><br>Richard Markowitz<br><br>Avanix Management LLC<br><br>Avanix Management LLC Roth 401K Plan<br><br>Batavia Capital Pension Plan<br><br>Calypso Investments Pension Plan<br><br>Cavus Systems LLC<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | **Allison Stoddart**<br>**Alan E. Schoenfeld**<br>**Michael G. Bongiorno**<br>**Michael Posada**<br>WilmerHale<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel:  (212) 230-8800<br>allison.stoddart@wilmerhale.com<br>alan.schoenfeld@wilmerhale.com<br>michael.bongiorno@wilmerhale.com<br>michael.posada@wilmerhale.com |
| Acer Investment Group LLC<br><br>Alexander Jamie Mitchell III<br><br>American Investment Group of New York,<br>L.P. Pension Plan<br><br>Darren Wittwer<br><br>David Schulman<br><br>DW Construction, Inc. Retirement Plan<br><br>Joan Schulman<br><br>Kamco Investments, Inc. Pension Plan<br><br>Kamco LP Profit Sharing Pension Plan<br><br>Linden Associates Defined Benefit Plan<br><br>Louise Kaminer<br><br>Moira Associates LLC 401 (K) Plan<br><br>Newsong Fellowship Church 401 (K) Plan<br><br>Riverside Associates Defined Benefit Plan<br><br>Robert Crema<br><br>Stacey Kaminer | **John C. Blessington**<br>**Brandon R. Dillman**<br>K&L Gates LLP<br>One Lincoln Street<br>Boston, MA 02111<br>Tel:  (617) 261-3108<br>john.blessington@klgates.com<br>brandon.dillman@klgates.com |

| Defendant | Representative |
|---|---|
| David W. Freelove<br><br>Del Mar Asset Management Saving & Retirement Plan<br><br>Federated Logistics LLC 401(K) Plan<br><br>John C. Doscas<br><br>Sterling Alpha LLC 401(K) Profit Sharing Plan | **Bryan C. Skarlatos**<br>**Eric Smith**<br>Kostelanetz & Fink LLP<br>Seven World Trade Center<br>250 Greenwich Street, 34th Floor<br>New York, NY 10007<br>Tel: (212) 808-8100<br>bskarlatos@kflaw.com<br>esmith@kflaw.com |
| Acorn Capital Corporation Employee Profit Sharing Plan<br><br>Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust<br><br>Cambridge Way LLC 401K Profit Sharing Plan<br><br>Gregory Summers<br><br>Raubritter LLC Pension Plan<br><br>Shreepal Shah | **John Hanamirian**<br>Hanamirian Law Firm, P.C.<br>40 E. Maine St.<br>Moorestown, NJ 08057<br>Tel: (856) 793-9092<br>jmh@hanamirian.com |
| George Hofmeister<br><br>JSH Farms LLC 401(K) Plan<br><br>KRH Farms LLC 401(K) Plan<br><br>MGH Farms LLC 401(K) Plan<br><br>MSJJ Retirement Group Trust<br><br>SRH Farms LLC 401(K) Plan<br><br>Triton Farms LLC 401(K) Plan | **Sheldon Toll**<br>29580 Northwestern Hwy., Ste. 1000<br>Southfield, MI 48034<br>Tel: (248) 797-9111<br>sst@lawtoll.com<br><br>**James O'Toole**<br>Smith & O'Toole, PLLC<br>jotoole@smithotoole.com |
| Scott Goldstein<br><br>Sheldon Goldstein<br><br>The Goldstein Law Group PC 401(K) Profit Sharing Plan | **Martin Kaplan**<br>**Kari Parks**<br>Gusrae Kaplan & Nusbaum PLLC<br>120 Wall Street<br>New York, NY 10005<br>Tel: (212) 269-1400<br>mkaplan@gusraekaplan.com<br>kparks@gusraekaplan.com |

| Defendant | Representative |
|---|---|
| Michael Ben-Jacob | **Thomas E.L. Dewey**<br>**Sean K. Mullen**<br>Dewey, Pegno & Kramarsky, LLP<br>777 Third Avenue<br>New York, NY 10017<br>Tel:  (212)-943-9000<br>tdewey@dpklaw.com<br>smullen@dpklaw.com |
| Sander Gerber<br><br>Sander Gerber Pension Plan | **Stephen D. Andrews**<br>**Amy B. McKinlay**<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Tel:  (202) 434-5000<br>sandrews@wc.com<br>amckinley@wc.com |
| 2321 Capital Pension Plan<br><br>Bowline Management Pension Plan<br><br>Lion Advisory Inc. Pension Plan | **Robert H. Pees**<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>Tel: (212) 872-1072<br>rpees@akingump.com |
| Clove Pension Plan<br><br>Delvian LLC Pension Plan<br><br>Mill River Capital Management Pension Plan<br><br>Traden Investments Pension Plan | **Edward Spiro**<br>Morvillo, Abramowitz, Grand, Iason & Anello PC<br>565 5th Ave.<br>New York, NY 10017<br>Tel: (212) 880-9460<br>espiro@maglaw.com |
| California Catalog Company Pension Plan<br><br>Davin Investments Pension Plan<br><br>DFL Investments Pension Plan<br><br>Laegeler Asset Management Pension Plan<br><br>Next Level Pension Plan<br><br>Rajan Investments LLC Pension Plan<br><br>Spirit on the Water Pension Plan | **Gabrielle Friedman**<br>Lankler Siffert & Wohl LLP<br>500 Fifth Avenue<br>New York, NY 10110<br>Tel: (212) 930-1247<br>gfriedman@lswlaw.com |
| Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan | **David L Goldberg**<br>**Michael Max Rosensaft**<br>Katten Muchin Rosenman LLP |

| Defendant | Representative |
|---|---|
| Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401K Plan | 575 Madison Avenue<br>New York, New York 10022-2585<br>Tel: (212) 940-8800<br>david.goldberg@kattenlaw.com<br>michael.rosensaft@kattenlaw.com<br><br>(Co-counsel with Caplin & Drysdale) |
| Alexander Burns | **Michael Tremonte**<br>Sher Tremonte LLP<br>90 Broad St<br>New York, NY 10004<br>Tel: (212) 202-2603<br>MTremonte@shertremonte.com |

## UNREPRESENTED DFENDANTS

| Defendant | Address |
|---|---|
| RAK Investment Trust | 75 Tresser Blvd #411, Stamford, CT 06901 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: All Cases.

18-md-2865 (LAK)

**DECLARATION OF _____ CERTIFYING RECORDS**
**OF REGULARLY CONDUCTED BUSINESS ACTIVITY**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 902(12)**

I, _____, hereby declare and certify the following

pursuant to Federal Rule of Evidence 902(12):

1.       I am currently employed by Société Générale SA ("Société Générale ").

My official title is _____.

2.       By reason of my position and experience, I am a duly authorized custodian

of records, or qualified witness, for Société Générale , and have authority to certify the records

herein described.

3.       In response to an order of [the Swiss Court] dated _____,

ordering the production of documents identified in a Letter of Request from the District Court of

the Southern District of New York dated _____, Société Générale  produced

[identification of documents, such as production volume or Bates number] to Neil J. Oxford,

Esq., counsel for Skatteforvaltningen in this matter.

4.       In my capacity as custodian of records for Société Générale , I certify that,

aside from the production number, the records listed above are true and correct copies of records

extracted from Société Générale's business records maintained in the ordinary course of its business.

      5.     The records listed above were:

      a.     Made by Société Générale  personnel at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, persons with knowledge of those matters;

      b.     Kept by Société Générale personnel in the course of Société Générale's regularly conducted business activities; and

      c.     Made by the regularly conducted activities as a regular practice.

I certify under penalty of perjury that the foregoing is true and correct.

Date:

_____

## LETTER OF REQUEST –
## OPTIONAL FORM FOR VIDEO-LINK EVIDENCE

## COMMISSION ROGATOIRE –
## FORMULAIRE FACULTATIF POUR DES PREUVES PAR LIAISON VIDEO

**Hague Convention of 18 March 1970 on the
Taking of Evidence Abroad in Civil or Commercial Matters**
*Convention de La Haye du 18 mars 1970 sur
l'obtention des preuves à l'étranger en matière civile ou commerciale*

**Technical Parameters of the video-link device(s)**
*Paramètres techniques des appareils de liaison vidéo*

| 1. | **Device brand and model** *Marque et modèle de l'appareil* | Insert name of video-link device brand to be used by the Requesting State |
|---|---|---|
| 2. | **Type of control unit** *Type d'unité de commande* | Please note that a multipoint control unit is recommended. *Veuillez noter qu'une unité de commande multipoint est recommandée.* ☐ Endpoint  *Point de terminaison*  ☐ Multipoint |

| 3. | **Type of network**<br>*Type de réseau*<br><br><br><br>Examples of IP and ISDN parameter sequences are provided on page 3.<br><br>*Des exemples de séquences de paramètres IP et RNIS sont donnés en page 3* | Please note that an IP network is the recommended network.<br>*Veuillez noter qu'un réseau IP est le réseau recommandé.* |
|---|---|---|

| IP (SIP or/ou H.323) | ISDN / RNIS |
|---|---|
| **IP address:**<br>*Adresse IP :*<br><br>Insert IP address<br><br>**Hostname:**<br>*Nom de l'hôte :*<br><br>Insert hostname (including fully qualified domain name)<br><br>**Extension number:**<br>*Numéro de poste :*<br><br>Insert extension (if applicable) | **ISDN number:**<br>*Numéro RNIS :*<br><br>Insert ISDN number<br><br><br><br><br><br>**Extension number:**<br>*Numéro de poste :*<br><br>Insert extension (if applicable) |

**Additional comments:**
*Autres remarques :*

Insert any relevant comments or notes here

| 4. | **Virtual Room (via Multipoint Control Unit)**<br>*Salle virtuelle (via une unité de commande multipoint)* | Please fill out only if a virtual meeting room will be used.<br>*Ne compléter que si une salle de réunion virtuelle sera utilisée.*<br><br>Address / Hostname<br>*Adresse / Nom de l'hôte*<br><br>Insert address and / or hostname (including fully qualified domain name)<br><br>PIN<br>*Code d'accès*<br><br>Insert access PIN for virtual room |
|---|---|---|
| 5. | **Codec**<br>*Codec* | Insert details of coder-decoder used. |

| 6. | Type of encryption<br>*Type de chiffrement* | Insert details on type of encryption used<br>(*e.g.* AES, 3DES) and the bit used (*e.g.* 128 bits, 192 bits)<br><br>Will the 'automatic' or 'best effort' setting be used?<br>*Le paramètre « automatique » ou « au mieux » sera-t-il utilisé ?*<br><br>    ☐   Yes          ☐   No<br>         *Oui*                *Non* |

**Details of technical contact person(s)**
*Coordonnées des interlocuteurs techniques*

These are contact persons in addition to those mentioned in the Letter of Request, specifically for technical matters (if applicable).
*Il y a des interlocuteurs techniques outre ceux qui sont mentionnés dans la Commission rogatoire, en particulier pour les questions techniques (le cas échéant)*

| 7a. | Contact Person 1<br>*Interlocuteur 1* | 7b. | Contact Person 2<br>*Interlocuteur 2* |
|---|---|---|---|
| | **Name**<br>*Nom* | | **Name**<br>*Nom* |
| | **Position**<br>*Fonction* | | **Position**<br>*Fonction* |
| | **Email** | | **Email** |
| | **Phone**<br>*Téléphone* | | **Phone**<br>*Téléphone* |
| | **Languages**<br>*Langues* | | **Languages**<br>*Langues* |

**Following the completion of the Multi-aspect initiative to improve cross-border videoconferencing ("Handshake" Project), the Council of the European Union provided the following example sequences to assist users with different types of network connections:[1]**

*À la suite de la conclusion du projet « Handshake » (Multi-aspect initiative to improve cross-border videoconferencing), le Conseil de l'Union européenne a donné les exemples de séquences suivants pour aider les utilisateurs en fonction des types de connexions réseau :*

---

**Examples of parameter sequences and delimiters for starting a videoconference**
*Exemples de séquences de paramètres et de délimiteurs pour lancer une visioconférence*

Depending on the brands of the devices involved – different parameter sequences may need to be used.
*Dépendent de la marque des appareils – il sera peut-être nécessaire d'utiliser différentes séquences de paramètres.*

**Using IP:**
*IP :*

Hostname / IP-address followed by extension number with delimiter ## :
111.22.33.4##5656
Hostname / IP-address followed by extension number with delimiter # : 111.22.33.4#5656

*Nom de l'hôte/adresse IP suivi du numéro de poste avec le délimiteur ## :*
*111.22.33.4##5656*
*Nom de l'hôte/adresse IP suivi du numéro de poste avec le délimiteur # : 111.22.33.4#5656*

**Using SIP:**
*SIP :*

Extension number followed by hostname / IP-address with delimiter @ :
5656@videoconf.host.eu

5656@111.22.33.4

*Numéro de poste suivi du nom de l'hôte/de l'adresse IP avec le délimiteur @ :*
*5656@videoconf.host.eu*

5656@111.22.33.4

**ISDN sequences:**
*Séquences RNIS :*

ISDN number and extension number together: + 43 1 0000895656
ISDN number and extension number separated by a delimiter # : + 43 1 000089#5656

*Numéro RNIS et numéro de poste ensemble : + 43 1 0000895656*
*Numéro RNIS et numéro de poste séparés par un délimiteur # : + 43 1 000089#5656*

---

[1]     "Handshake" Project, "D4: Form for requesting / confirming a cross-border videoconference", p. 20.