AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| IN RE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | ) ) ) ) | Civil Action No.   18-md-02865 |
| This document relates to all cases. | ) ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        J.P. Morgan Securities LLC and JPMorgan Chase Bank, N.A.
            270 Park Ave, New York, NY 10172

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see the attached Schedule A.

| Place: Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004 | Date and Time:<br><br>02/17/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        01/16/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Skatteforvaltningen
_____ , who issues or requests this subpoena, are:

Marc A. Weinstein Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004, (212) 837-6000, marc.weinstein@hugheshubbard.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____    on *(date)* _____    ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.      DEFINITIONS

1.      The Requests incorporate the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3.

2.      "Accounts" means any JPM account that held any Danish Security and was owned or controlled by any Solo Related Entity, Solo Related Individual, or Broker-Custodian, including but not limited to the accounts listed in **Appendix 1** to this Schedule.

3.      "Applicable Period" means January 1, 2012 through December 31, 2015.

4.      "Broker-Custodians" means Argon Markets, BNP Securities Services SCA, ED&F Man Capital Markets Limited, Indigo Securities Ltd, Investec Bank PLC, Lindisfarne Partners LLP, North Channel Bank GmbH, Old Park Lane Capital PLC, Salgado Capital, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd., and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, trustees, and attorneys.

5.      "Danish Security" means any of the stocks listed in **Appendix 2** to this Schedule, or any forward, future, or other contract or derivative related to the stocks listed in **Appendix 2**.

6.      "Dividend(s)" means any dividend received as a result of any interest in a Danish Security, including, but not limited to, manufactured dividends and any other dividends not received directly from the entity that issued the dividend.

7.      "SKAT" means Skatteforvaltningen, the Plaintiff in this action, which is the Customs and Tax Administration of the Kingdom of Denmark.

8.      "Solo Related Entity(ies)" means Aesa S.a.r.L., Ganymede Cayman Limited, Elysium Global Limited, Elysium Global Dubai Limited, Old Park Lane Capital PLC, Solo

Capital Partners LLP, Solo Capital (Dubai) Limited, Telesto Markets LLP, and West Point Derivatives Ltd.

9.      "<u>Solo Related Individual(s)</u>" means any principal, officer, director, employee, agent, representative or attorney of any Solo Related Entity, including, but not limited to, Jas Bains, Sanjeev Dave, Anupe Dwala, Adam Forsyth, Jessica Hammers, Graham McKenzie Horn, Gary Pitts, Nirav Patel, Craig David Price, Priyan Shah, Rajen Shah, Sanjay Shah, Jessica Spoto, Frank Vogel, and Dipti Vyas.

10.      "<u>You</u>" or "<u>JPM</u>" means J.P. Morgan Securities LLC, JPMorgan Chase Bank, N.A., and (wherever located) each of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and attorneys.

## II.   INSTRUCTIONS

1.      Whenever necessary to bring within the scope of the Requests documents that might otherwise be construed to be outside their scope:

(a)   the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

(b)   the use of a word in its singular form shall be deemed to include within its use the plural form as well;

(c)   the use of a word in its plural form shall be deemed to include within its use the singular form as well;

(d)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

(e)   the terms "all," "any," and "each" shall be construed as encompassing any and all.

2.      Each paragraph of the Requests should be construed independently and no other paragraph shall be referred to or relied on for the purpose of limiting the scope of any Request.

3.      Documents and things should be produced in full, without abbreviation or expurgation, regardless of whether you consider the entire document to be relevant or responsive.

4.      A request for a document shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

5.      Documents and things not otherwise responsive to any of the Requests herein should be produced if such documents and things mention, discuss, refer to, or explain one or more documents and things called for by the Requests or are attached to a document or thing called for by the Requests.

6.      Documents and things should be produced pursuant to Rule 34 of the Federal Rules of Civil Procedure as they are kept in the usual course of business or organized and labeled to correspond to the categories identified in these requests.

7.      With respect to any document or thing responsive to the Requests that is withheld from production based on a claim of privilege, or for any other reason, describe such document by date, type (e.g., letter, memorandum, email, note), author, addressee, persons copied, general subject matter, claimed ground for the withholding, and, if not apparent, the relationship of the author, addressee, and recipients to each other.

8.      In the event that any requested document or thing is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by: the last known custodian, date of destruction or discard, the manner of destruction or discard, the reasons for destruction or discard, any efforts made to locate such documents, and a statement describing the document by contents, author, and recipients.

3

9.      If you are unable fully to respond to any of the Requests, supply the information that is available and explain why your response is incomplete, the efforts made by you to obtain responsive documents and things, and the source from which all responsive documents and things may be obtained, to the best of your knowledge or belief.

10.      Unless otherwise specified, the documents and things requested include the responsive documents and things in the actual or constructive possession, control, or custody of you or your attorneys or agents.

11.      The fact that a document has been or will be produced by another party (or non-party) does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

12.      Please provide documents as single-page black and white TIFFs, with document-level OCR, delimited (.DAT) document load file, LFP or OPT image load files, and metadata for the following fields:  BegDoc, EndDoc, BegAttach, EndAttach, Subject, FileName, Sent Date, Created Date, Last Modified Date, Author, From, To, CC, BCC, Recipients, Custodian, FilePath, Parent, MD5, ConfidentialStamp, Text_Path, and File_Path.

13.      Please provide separate copies of spreadsheets (Excel), presentations (PowerPoint) and database files in their native format.  The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC0000001.xls").

14.      These Requests are continuing and oblige you, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to promptly produce additional documents or things that are acquired, discovered or come into existence at any time after the date of the initial production, including the time of hearing or trial.

15.    Unless otherwise indicated, each Request should be interpreted to include all documents created, generated, dated, executed, sent, issued, received or in effect during the period from January 1, 2012 until the present day.  If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the Request.

## III.    DOCUMENT REQUESTS

**Request for Production No. 1:**

A list of the accounts at JPM that held one or more Danish Security and were owned, maintained, or controlled by any Solo Related Entity, Solo Related Individual, or Broker-Custodian during the Applicable Period.

**Request for Production No. 2:**

All documents from the Applicable Period concerning the Accounts, including, but not limited to, account statements or other documents reflecting activity in the Accounts.

**Request for Production No. 3:**

All documents showing the ownership of any Danish Security by or on behalf of any Solo Related Entity, Solo Related Individual, or Broker-Custodian during the Applicable Period.

**Request for Production No. 4:**

All documents showing the purchase, sale, borrowing, lending, financing, or other trade or transfer or cancellation of any trade or transfer of any Danish Security by or on behalf of any Solo Related Entity, Solo Related Individual, or Broker-Custodian during the Applicable Period.

**Request for Production No. 5:**

All documents, including SWIFT messages, demonstrating or relating to the receipt of any Dividend by any Solo Related Entity, Solo Related Individual, or Broker-Custodian during the Applicable Period.

**Request for Production No. 6:**

All contracts and/or agreements related to any Danish Security and dated or with effect during the Applicable Period between JPM and any Solo Related Entity, Solo Related Individual, or Broker-Custodian.

**Request for Production No. 7:**

All documents provided to JPM during the opening of any Account by any Solo Related Entity, Solo Related Individual, or Broker-Custodian.

## APPENDIX 1

A 3048 94599
A 3048 34695
0041029881
0041029882
0041029883
0041029884
0041029886
0041029887
0041029890
SOLO1
SOLO2
SOLO3
ES499-A-A
34728-A-A
94601-A-A
94699-A-A
0041004677
41018467

<u>**APPENDIX 2**</u>

A.P. Møller Mærsk A/S – A
A.P. Møller Mærsk A/S – B
Auriga Industries A/S
Carlsberg A/S - B
Chr. Hansen Holding A/S
Coloplast A/S – B
Dampskibsselskabet Norden A/S
Danske Bank A/S
DSV A/S
FLSmidth & Co A/S
GN Store Nord A/S
IC Group A/S
ISS A/S
Lundbeck A/S
NKT Holding A/S
Novo Nordisk A/S – B
Novozymes A/S – B
Pandora A/S
Simcorp A/S
Sydbank A/S
TDC A/S
Tryg A/S
Vestas Wind Systems A/S