# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: 18-cv-05053; 18-cv-09797, 18-cv-09836, 18-09837, 18-cv-09838, 18-cv-09839, 18-cv-09840, 18-cv-19841, and 18-cv-10100.[1]

18-MD-2865 (LAK)

## PLAINTIFF SKAT'S RESPONSES AND OBJECTIONS TO ED&F MAN CAPITAL MARKET LTD.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT"), by and through its attorneys, Hughes Hubbard & Reed LLP, hereby responds and objects (individually, a "Response," collectively, the "Responses") to ED&F Man Capital Markets Ltd.'s ("ED&F") First Requests for Production of Documents, dated March 23, 2020 (each individually, a "Request," collectively, the "Requests").

The Response to any particular Request is not an admission of the relevance or the admissibility into evidence of such Response. No statement contained in these Responses shall be deemed to constitute an admission that any statement or characterization in the Requests is complete or accurate. SKAT reserves the right to supplement or correct these Responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

---

[1]    These cases are referred to herein collectively as the "ED&F Third Party Actions."

These Responses are made solely for purposes of discovery in the ED&F Third Party Actions.  SKAT, in responding to the Requests, does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial.  SKAT further does not waive the right to object on any ground at any time to a request for further responses to the Requests.  Nor does SKAT waive the attorney-client privilege, work product privilege, or any other privileges or protections with respect to the information called for in the Requests.

SKAT responds to the Requests to the extent that the Requests' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No Response made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its Responses and common bases for objections to the Requests.

1.      SKAT objects to the Requests to the extent that they are not proportional to the needs of the case in light of the limited disputed factual issues to which the Requests relate.  Undertaking a comprehensive search and review of all SKAT's records for responsive documents would impose on SKAT a burden and expense that far outweighs the likely benefit of the discovery.  SKAT will respond to the Requests by identifying known documents that are responsive to the Requests and will otherwise conduct reasonable searches for and produce discovery in compliance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the

Local Rules.  These Responses do not represent that any documents exist that are responsive to any particular Request.  A Response to a request indicating that SKAT will produce certain documents is not a representation that such documents do now or have ever existed, but only a representation that, to the extent that such documents do exist, are within SKAT's possession, custody, or control, and are not privileged or subject to confidentiality and/or non-disclosure requirements, SKAT will conduct a reasonably diligent search for and produce any such documents in accordance with the terms of the Response.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "<u>Objection 1</u>.")

2.      SKAT objects to the Requests to the extent they seek or require the production of confidential, personal, business, or financial information of third parties.  SKAT further objects to the Requests to the extent they call for the production of documents or information that are subject to any confidentiality or non-disclosure requirement under (i) any applicable treaty, law, rule or regulation, including, but not limited to, any treaty, law, rule, or regulation of the United States, Denmark, England, Dubai, Malaysia, or the European Union, (ii) an order of a foreign court, or (iii) any applicable agreement pursuant to which the documents or information were provided to SKAT.  SKAT further objects to the Requests to the extent they call for the production of documents that SKAT is prohibited from disclosing under Danish law, including, but not limited to: the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "<u>Objection 2</u>.")

3.      SKAT objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, confidentiality orders governing this consolidated multidistrict litigation ("MDL") proceeding, or that are otherwise immune to or protected from disclosure.  The inadvertent production of any document that is confidential, privileged, or protected shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, the subject matter thereof or the information contained therein; nor shall such inadvertent production constitute a waiver of SKAT's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4.      SKAT objects that the Requests are overly broad and unduly burdensome to the extent they call for the production of "all" documents when the relevant facts can be obtained from fewer than "all" documents, and to the extent they purport to require additional searches that would likely only lead to duplicative, cumulative, non-responsive, or other objectionable material.  SKAT will make reasonable efforts to search for and produce documents sufficient to respond to the Requests where appropriate, rather than search for and produce "all" responsive documents.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 4.")

5.      SKAT objects to the Requests to the extent they call for information or documents that are outside SKAT's possession, custody, or control; seek information and/or materials already within ED&F's knowledge, possession and/or control (either collectively or individually); or seek information that is publicly available or obtainable from some other source

that is more convenient, less burdensome, or less expensive.  SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect, or produce information or documents that are under the possession, custody, or control of any third party, including any other agency or instrumentality of the government of the Kingdom of Denmark. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 5.")

6.     SKAT objects to the Requests to the extent they are vague, ambiguous, argumentative, cumulative, duplicative, overly broad, unduly burdensome, oppressive, or to the extent they seek information or documents that are not relevant to the claims or defenses in the ED&F Third Party Actions.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 6.")

7.     SKAT objects to the Requests to the extent they presume false or misleading legal premises or to the extent they presume factual premises not in evidence or likely to be admitted into evidence.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 7.")

8.     SKAT responds to the Requests without waiving or intending to waive, but on the contrary, preserving:  (i) the right to object, on the grounds of competency, privilege, relevance, materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in these actions or in any other action; and (ii) the right to object on all grounds, and at any time, to document requests or other discovery procedures involving or relating to the subject of the Requests to which SKAT has responded herein.

9.      To the extent SKAT agrees to produce documents or information, such documents and information will be produced as kept in the usual course of business in accordance with Federal Rule of Civil Procedure 34(b)(2)(E) and any applicable Order of the Court, unless otherwise agreed between SKAT and ED&F.

10.     Where a document is only partially responsive to a request, SKAT reserves the right to redact any non-responsive or irrelevant portions.

11.     SKAT objects to the definitions of "ED&F" as vague, ambiguous, overly broad and unduly burdensome insofar as these definitions assume SKAT knows the identity of all of ED&F's officers, directors, employees, partners, corporate parent, subsidiaries and/or affiliates, as there is no way for SKAT to know all of the individuals and entities that fit within the scope of these definitions.  SKAT has responded to the Requests by interpreting each of these terms to include the related entities, employees of that entity, and individuals of which SKAT is aware as of the time that it responds to the Requests.

12.     SKAT objects to the definitions of "you," "your," "yourself," "SKAT," "Regnskab," and "SIR" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery.  SKAT objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definitions.  To the extent that SKAT provides any documents in response to a Request, SKAT will interpret the terms "you," "your," "yourself," "SKAT," "Regnskab," and "SIR"   to include SKAT and its current or former

employees in their capacity as such who were involved in any of the matters at issue in these actions during the relevant time period.

13.     SKAT objects to the definitions of "Rigsrevisionen," "Permanent Secretary," and "Danish Independent Commission" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information outside of SKAT's possession or control.  As set forth in Objection 5, SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect, or produce information or documents that are under the possession, custody, or control of any other agency or instrumentality of the government of the Kingdom of Denmark or from any other third party.

14.     SKAT objects to the definitions of "Shares," "Dividends," "WHT," and "Refunds" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery to the extent that the scope of the definitions include claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding or did not use ED&F as a custodian, or any credit advices, dividends, refunds or shares related to such claims.

15.     SKAT objects to Instruction 1 and 2 on the grounds that the instructions are vague, ambiguous, overly broad, unduly burdensome, purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.  SKAT will make its production based on a reasonable ESI and Hard Copy format agreed to by the parties in a reasonable amount of time prior to its production of documents as set forth herein.

16.     SKAT objects to Instruction 4, 7 and 8 as overbroad, unduly burdensome, and seeking to expand its obligations beyond those required for a privilege log.  In creating any such privilege log, SKAT will not log internal communications between or among any of its inside or outside counsel.  To the extent SKAT withholds any other documents based on a claim of privilege, exemption, or immunity from discovery, it will set forth such information in its privilege log and will provide similar information in accordance with its obligation under Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

17.     SKAT objects to Instruction 3, 5, 6, 9, 10 and 11 on the grounds that the instructions are vague, ambiguous, overly broad, and unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeking information privileged or exempt from discovery, and that they purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.

18.     SKAT objects to Instruction 12 to the extent that it calls for the production of documents or information that is not relevant to any claim or defense of any party or to the subject matter involved in the ED&F Third Party Actions and is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information and documents relating to time periods not relevant to the ED&F Third Party Actions.

19.     SKAT objects to the Time Period to the extent it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in the ED&F Third Party Actions.  SKAT will only produce documents or information created, generated, dated, issued, executed, or received during the period from January 1, 2012 to June 15, 2015, unless otherwise specified in the Responses.

## RESPONSES TO DOCUMENT REQUESTS

The responses below to each Request shall be deemed to incorporate the General Statements and Objections to the Instructions and Definitions as if each were fully set forth therein.

Based on the objections set forth in these Responses, SKAT will not search for or produce:  (i) the personnel files of SKAT employees; (ii) SKAT's communications with Danish, U.S. or other government law enforcement agencies or organizations; (iii) documents produced in response to any investigatory requests (unless they are otherwise included in a category of documents that SKAT specifically agrees to provide in response to a specific Request); (iv) documents obtained from or submitted in proceedings in foreign jurisdictions that are subject to confidentiality requirements in those jurisdictions; (v) documents obtained from third parties pursuant or subject to confidentiality, non-disclosure, or data privacy restrictions; (vi) documents in the possession of any ministry, agency or instrumentality of the government of the Kingdom of Denmark other than SKAT; and (vii) information or documentation related to individuals or entities that requested or received dividend withholding tax ("DWT") refunds that are not defendants in these proceedings.

Reference is made to the productions that SKAT has made and continues to make to the defendants in the other actions in the above captioned multidistrict litigation in response to their First Requests for Production of Documents Responses and Objections, dated March 7, 2019 and their Second Requests for Production of Documents Responses and Objections, dated January 17, 2020 (the "MDL Defendant Requests"). In response to the MDL Defendant

Requests, SKAT has produced, or is in the process of producing:[2] (i) SKAT's case files on each of the pension plan defendants; (ii) claims review guidelines describing the process followed by the employees who received and processed applications for DWT refunds; (iii) extracts of SKAT's accounting systems showing payments to the pension plan defendants; (iv) the emails received from the whistleblower mentioned in the complaints; (v) custodial emails from relevant SKAT employees; (vi) certain reports related to SKAT's administration of DWT refunds; (vii) documents provided by SKAT to the Danish law firm Bech-Bruun for Bech-Bruun's review and consideration prior to Bech Bruun issuing its December 15, 2017 report that are not subject to confidentiality restrictions, non-disclosure requirements, or other restrictions (the "Bech-Bruun Documents"); and (viii) documents provided or obtained from third parties, including Novus Capital Markets Limited, North Channel Bank GmbH & Co. KG, Elysium Global (Dubai) Limited and Elysium Properties Limited.  SKAT has previously informed counsel to ED&F that these documents are available to ED&F by contacting lead counsel for the defendants in the MDL litigation to coordinate access to the database on which they are being stored.

**Request for Production No. 1:**

All documents or communications concerning early warnings submitted to the Danish Ministry of Taxation on the subject of WHT refunds from 2002 onwards.

**Response to Request for Production No. 1:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated,

---

[2]     SKAT's ongoing production constitutes millions of documents, including approximately 13,000 documents from SKAT's case files on each of the pension plan defendants in the MDL.

issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 2:**

All requests for more resources to be allocated to Regnskab 2 for the purposes of processing WHT applications made by Lisbeth Romer to SKAT and the responses thereto.

**Response to Request for Production No. 2:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 3:**

All internal audit or reports from 2000 onwards which show what percentage of WHT was being refunded or what percentage of WHT applications were being granted.

**Response to Request for Production No. 3:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly

burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  SKAT also objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity, including, without limitation, the attorney-client privilege, the attorney work product doctrine, or other privileges.   Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 4:**

Documents evidencing the terms of reference for Regnskab 2 in relation to the handling of WHT applications.

**Response to Request for Production No. 4:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 5:**

All documents upon which the internal guidance for WHT review dated August 2015 was based.

**Response to Request for Production No. 5:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and

ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 6:**

Documents evidencing the decision to assign the task of WHT application processing to Regnskab 2 in January 2009.

**Response to Request for Production No. 6:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. SKAT will not search for and/or produce documents specifically responsive to this Request as SKAT's actions in 2009 are irrelevant to ED&F Third Party Actions.

**Request for Production No. 7:**

Documents evidencing Peter Loft's instruction to SIR to conduct a review of the WHT application system in or around October 21, 2009 which led to the production of the 2010 SIR report.

**Response to Request for Production No. 7:**

SKAT incorporates by reference Objections 1, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 8:**

SIR memorandum to Peter Loft showing a negative tax position for 2006, dated in or about October 2009.

**Response to Request for Production No. 8:**

SKAT incorporates by reference Objections 1 and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.   Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, which

includes a document SKAT believes to be responsive to the Request, but will not otherwise produce documents in response to this Request.

**Request for Production No. 9:**

Lisbeth Romer's memorandum submitted to SIR dated December 7, 2009.

**Response to Request for Production No. 9:**

SKAT incorporates by reference Objections 1 and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.   Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 10:**

Any documents showing completion of action points contained in the 2010, 2013 and 2015 SIR reports.

**Response to Request for Production No. 10:**

SKAT incorporates by reference Objections 1, 2, 3, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  Subject to

and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 11:**

Minutes of meeting between Regnskab 2 and SIR on November 20, 2011.

**Response to Request for Production No. 11:**

SKAT incorporates by reference Objections 1, 3, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.   Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 12:**

SIR report dated June 27, 2014 concerning progress on action points from 2013 SIR report.

**Response to Request for Production No. 12:**

SKAT incorporates by reference Objections 1, 3, 5, and 6.  SKAT objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, which includes documents SKAT believes to be responsive to the Request, but will not otherwise produce documents in response to this Request.

**Request for Production No. 13:**

Minutes of meeting between SIR and directors of SKAT dated September 16, 2015.

**Response to Request for Production No. 13:**

SKAT incorporates by reference Objections 1, 3, 5 and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  Subject to and without waiving any objections, SKAT will produce the document it believes to be responsive to the Request.

**Request for Production No. 14:**

Reports on which the decision to reorganise SKAT was based.

**Response to Request for Production No. 14:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 15:**

Documents showing the conclusions which led to the reorganisation of SKAT in 2018.

**Response to Request for Production No. 15:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  SKAT will not produce documents in response to this Request.

**Request for Production No. 16:**

SIR's risk analysis of the dividend area from February 2, 2012.

**Response to Request for Production No. 16:**

SKAT incorporates by reference Objections 1, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any

objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 17:**

All statements prepared by Lisbeth Rømer regarding the problems related to the refund of WHT.

**Response to Request for Production No. 17:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents and copies of documents from the custodial files of Lisbeth Romer that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 18:**

All notes from meetings between SIR and the dividend administration regarding the problems related to the refund of WHT.

**Response to Request for Production No. 18:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not

relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 19:**

All notes from meetings between SIR and SKAT's management regarding the problems related to the refund of WHT, including the meeting between Kurt Wagner of SIR and the directors of SKAT which took place on November 9, 2015.

**Response to Request for Production No. 19:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 20:**

All notes from meetings between SIR and the National Audit (Rigsrevisionen).

**Response to Request for Production No. 20:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement.  Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 21:**

All presentations to the Permanent Secretary regarding the problems related to the refund of WHT.

**Response to Request for Production No. 21:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement.  SKAT also objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not limited to, any other agency or instrumentality of the Kingdom of Denmark.  Subject to and

without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 22:**

All evidence that it has produced to the Danish Independent Commission, as well as any transcriptions of testimony before the Commission that it has produced (or instructed to be produced).

**Response to Request for Production No. 22:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement.  SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. SKAT further objects to the Requests on the ground that it seeks seeking information equally available to ED&F as the hearings and testimony before the Commission were public. SKAT also objects to the Request on the ground that it seeks transcriptions of testimony as SKAT is not currently aware that any such transcriptions exist. SKAT will not produce documents in response to this Request.

**Request for Production No. 23:**

Copies of the agreements entered into between SKAT and Danske Bank, Nordea and SEB which constituted the so-called "Bank Scheme/Programme" referred to in the SIR report dated September 24, 2015.

**Response to Request for Production No. 23:**

SKAT incorporates by reference Objections 1, 3, 4, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any

party's claims or defenses in these actions.   SKAT also objects to the Request to the extent that

it seeks information or documents which are protected by any confidentiality requirement and/or

non-disclosure requirement.  SKAT will not produce documents in response to this Request.

**Request for Production No. 24:**

Copies   of   any   documents   evidencing   the   termination   of   the   so-called   Bank
Scheme/Programme in around 2015 and the explanation of the basis of the termination.

**Response to Request for Production No. 24:**

SKAT incorporates by reference Objections 1, 2, 3, 4, and 6.  SKAT objects to

this Request on the ground that it is overbroad to the extent it seeks information not relevant to

any party's claims or defenses in these actions.  SKAT will not produce documents in response

to this Request.

Dated: New York, New York
     April 22, 2020

HUGHES HUBBARD & REED LLP

By: _____
     William R. Maguire
     Marc A. Weinstein
     Neil J. Oxford
     Dustin P. Smith

One Battery Park Plaza
New York, New York 10004
(212) 837-6000
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Attorneys for Plaintiff Skatteforvaltningen*