**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: 19-cv-10713.

MASTER DOCKET

18-md-2865 (LAK)

### PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO ENFORCE STIPULATION AND ORDER

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in

support of its motion for entry of judgment against defendants 2321 Capital Pension Plan,

Bowline Management Pension Plan, Clove Pension Plan, Davin Investments Pension Plan,

Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management

Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension

Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water

Pension Plan, and Traden Investments Pension Plan (collectively, the "Partially Released

Plan Defendants") pursuant to the terms of the Court's January 7, 2021 Stipulation and Order

Staying Action as to Certain Defendants (the "Stipulation and Order," ECF No. 513).[1]

\*       \*       \*

On November 19, 2019, SKAT sued John van Merkensteijn, Richard Markowitz, Bernina

Pension Plan Trust, RJM Capital Pension Plan Trust and the Partially Released Plan Defendants,

alleging claims against all defendants for fraud, aiding and abetting fraud, negligent

---

1.    Unless otherwise indicated, citations to the docket are to the master docket for this MDL, No. 18-md-2865.

misrepresentation, and unjust enrichment and similar restitution-based claims. (No. 1:19-cv-10713, ECF No. 1.)[2] The Partially Released Plan Defendants were so-called "friends and family" plans from the 2012-2013 Argre era of the fraud, during which Markowitz and van Merkensteijn and their two partners in Argre, Mathew Stein and Jerome Lhote, recruited friends, family and colleagues to establish pension plans to participate in the scheme, in return for paying 90 or 95 percent of the plans' share of the fraudulent refund payments, after Sanjay Shah took his two-thirds cut, to the Argre partners.

In May 2019, SKAT entered into a settlement agreement (the "Agreement"), with among others, Stein, Lhote, the Partially Released Plan Defendants, and the individuals who established those plans. Under the terms of the Agreement, SKAT partially released the Partially Released Plan Defendants to the extent the settling parties received the proceeds of the plans' fraudulent refund payments, but reserved the right to sue others, *e.g.*, Markowitz and van Merkensteijn, and the Partially Released Plan Defendants themselves for the rest of the proceeds.

On January 7, 2021, the Court so-ordered SKAT's and the Partially Released Plan Defendants' Stipulation and Order staying this action with respect to the Partially Released Plan Defendants. Under the terms of the Stipulation and Order, the parties stipulated and agreed that "except to the extent covered by releases in the Agreement, the Partially Released [Plan] Defendants will be bound by the highest of any judgment entered in this action against any of Defendants John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, and RJM

---

2. On April 27, 2020, SKAT filed an amended complaint against the defendants in this action. (No. 1:19-cv-10713, ECF No. 58.) SKAT also asserted claims in this action against the California Catalog Company Pension Plan. On October 25, 2021, the Court so-ordered SKAT's voluntary dismissal of its claims against that plan. (ECF No. 665.)

Capital Pension Plan Trust . . . as if such judgment were entered against the Partially Released [Plan] Defendants." (Stipulation & Order at 2.)

On January 7, 2025, SKAT's claims in this action against Markowitz, van Merkensteijn, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust proceeded to trial. And on March 15, 2025, the Court entered judgment in this action against Richard Markowitz and John van Merkensteijn, jointly and severally, on SKAT's fraud claims in the amount of $145,647,878.89, inclusive of pre-judgment interest and settlement credits for the amount SKAT recovered under the Agreement. (ECF No. 1530.)

Thus, in August 2025, SKAT requested that the Partially Released Plan Defendants execute a proposed consent judgment in accordance with the terms of the Court's Stipulation and Order, which none of the Partially Released Plan Defendants agreed to do. (Decl. of Marc A. Weinstein, dated Nov. 5, 2025 ("Weinstein Decl."), ¶ 4.) As such, SKAT requests that the Court enter judgment against each of the Partially Released Plan Defendants in accordance with the Stipulation and Order. *See Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985) ("[e]nsuring compliance with a prior order is an equitable goal which a court is empowered to pursue"). The judgments against the Partially Released Plan Defendants should be in the following amounts, which are the amounts of the judgment against Markowitz and van Merkensteijn attributable to each of the Partially Released Plan Defendants' fraudulent refund claims:[3]

- 2321 Capital Pension Plan: $10,566,256.49;

---

[3] The sum of the proposed judgments against the Partially Released Plan Defendants is less than the judgment against Markowitz and van Merkensteijn because SKAT's settlement with the California Catalog Pension Plan did not release Markowitz or van Merkensteijn, and they were found liable at trial for the additional $11,693,245.72 in damages attributable to that plan's refund claims. *See, e.g.*, *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 130-31 (2d Cir. 2001) (claims were not released against parties not referred to in the release).

- Bowline Management Pension Plan: $5,447,541.76;

- Clove Pension Plan: $6,402,367.61;

- Davin Investments Pension Plan: $11,071,448.67;

- Delvian LLC Pension Plan: $12,066,985.69;

- DFL Investments Pension Plan: $10,425,499.78;

- Laegeler Asset Management Pension Plan: $10,321,353.15;

- Lion Advisory Inc. Pension Plan: $12,781,415.46;

- Mill River Capital Management Pension Plan: $12,323,707.61;

- Next Level Pension Plan: $10,767,708.32;

- Rajan Investments LLC Pension Plan: $10,696,736.62;

- Spirit on the Water Pension Plan: $10,723,821.85;

- Traden Investments Pension Plan: $10,089,790.15.

(Weinstein Decl. ¶ 3.)[4]

\*       \*       \*

For the reasons set forth above, SKAT respectfully requests that the Court grant its motion, enter judgment against the Partially Released Plan Defendants in the amounts set forth above, and close the above-captioned case.

---

4.  No attorney entered an appearance in this action on behalf of defendants 2321 Capital Pension Plan, Bowline Management Pension Plan, Davin Investments Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, or Spirit on the Water Pension Plan.  As such, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) and as set forth in the enclosed certificate of service, in addition to filing it on the Court's CM/ECF system, SKAT is serving its motion papers on those plans by mailing it to each plan's last known address identified in the plan's refund claims to SKAT and to the attorneys who signed the Stipulation and Order on behalf of the plans at their places of business.  To the extent the plans' addresses listed in their refund claims are no longer current, pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), SKAT is also "leaving" copies of the motion "with the court clerk," since SKAT is not aware of any other addresses for the plans.

Dated: New York, New York
November 5, 2025

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
Marc A. Weinstein
John McGoey
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*